Kerry S. Doyle, Esq.
Nevada Bar No, 10866
DOYLE LAW OFFICE, PLLC.
8755 Technology Way, Suite I
Reno, Nevada  89502
(775) 525-0889
(775) 229-4443 (fax)
kerry@rdoylelaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE STATE OF NEVADA**

| | |
|---|---|
| JOHN SILVER, an individual; | Case No: 3:24-cv-315 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **Jury Demand** |
| CITY OF RENO ex rel RENO POLICE DEPARTMENT; KATHRYN NANCE, an individual and in her official capacity; ANTHONY ELGES, an individual and in his official capacity; and DOES I-X, | |
| Defendants. | |
| _____/ | |

Plaintiff, John Silver, an individual, by and through his counsel of record, DOYLE LAW OFFICE, PLLC, and Kerry S. Doyle, Esq. hereby makes his complaint against the City of Reno ex rel the Reno Police Department, Kathryn Nance as an individual and in her official capacity as Chief of the Reno Police Department, Anthony Elges as an individual and in his official capacity as a supervisor in the Reno Police Department, and Does I-X, as follows:

**JURISDICTION AND VENUE**

1.      This suit is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.; 42 U.S.C. § 1983; and the Nevada Constitution.

2.      The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.      Venue is proper in Northern Nevada because the events that gave rise to this complaint occurred in Washoe County.

Doyle Law Office

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

1

4.      All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

a.      A charge of retaliation for opposition to sexual harassment was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the adverse employment actions alleged herein.

b.      A Notification of Right to Sue was received from the EEOC on April 29, 2024.

c.      This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

5.      Plaintiff John Silver is a citizen of the United States and the State of Nevada.

6.      All the discriminatory employment practices alleged herein were committed within the state of Nevada.

7.      Defendant City of Reno ex rel the Reno Police Department is an employer as defined by 42 U.S.C. § 2000e(b).

8.      Kathryn Nance is Chief of the Reno Police Department ("RPD") and is sued in her individual and official capacity.

9.      Anthony Elges is a Captain with the RPD and is sued in his individual and official capacity.

10.      At all times alleged herein Defendants were acting under color of state law as the actions complained of were all taken in the course of their roles as governmental entities and officers.

11.      At all times relevant herein, individual members, elected officials, appointees, agents, employees, servants, and/or joint venturers of the RPD acting within the course and scope of their employment or agency engaged in acts in violation of the United States Constitution, Federal law, state law, and/or common law as alleged herein and legally and proximately caused some or all of the damages identified herein. Silver is currently ignorant of the true identities of these parties, and therefore, sues these Defendants by fictitious names DOES I through X. Silver will amend this Complaint to allege the true names, acts, and capacities of these Defendants as soon as they are ascertained.

Doyle Law Office

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

2

**GENERAL ALLEGATIONS**

12.    Silver began working for the RPD in 2002.

13.    In 2013, Silver promoted to sergeant.

14.    Over the course of his 22-year career, Silver has been repeatedly commended for his performance and has never received a negative performance review.

15.    In February 2022, Silver was serving as one of the sergeants in the Robbery and Homicide Unit, an important and highly prized position within the RPD.

16.    In that role, Silver worked with another sergeant, Laura Conklin, supervising 12 other officers and investigators.

17.    In or about February 2022, Silver became aware that Conklin was telling other officers that Silver was having a sexual relationship with one of his subordinates.

18.    Concerned that such rumors encouraged sex-based discrimination against his subordinate and him and would constitute harassment, Silver first spoke with Conklin.

19.    Conklin denied any wrongdoing, so Silver complained to his supervisor, then-Lieutenant Anthony Elges.

20.    Silver described the discriminatory comments and asked Elges to address the behavior with Conklin.

21.    After making that complaint and despite exemplary performance in the role, in June 2022, Elges and other RPD leadership rotated Silver out of his leadership position in the Robbery Homicide Unit eighteen months before the end of the assignment.

22.    Silver brought a complaint with union representation and the RPD agreed to continue paying him the salary he earned in that position for six of the months he should have been in it.

23.    Over the following months, other RPD officers would ask Silver why he rotated out early.

24.    At times, Silver explained that he believed he had been rotated out in retaliation for making a complaint.

25.    Silver also at times criticized the management choice that resulted in RPD having to pay him the salary for that position in addition to the sergeant who had filled his role.

Doyle Law Office

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

3

26.     In March 2023, the RPD offered and Silver took the civil service exam for promotion to lieutenant.

27.     At the time, RPD had a policy of filling vacancies for lieutenants by promoting individuals in the order of the rankings after the exam.

28.     Upon information and belief, there were only two times during Silver's career in which a candidate for lieutenant with a lower ranking was promoted before a candidate with a higher ranking: once when the candidate had been arrested after taking the exam and before the vacancy and once, in 2015, when the candidate had made a complaint for discrimination under the Family Medical Leave Act.

29.     Silver was ranked #2 on the eligibility list in March 2023.

30.     Silver advanced to being the highest ranked candidate on the eligibility list in April 2023, when the only higher ranked candidate filled the first vacancy for lieutenant.

31.     In November 2023, RPD identified two vacancies for lieutenants; RPD passed over Silver, promoting the candidates who had originally been ranked third and fourth.

32.     In December 2023, RPD identified an additional vacancy; RPD again passed over Silver, promoting the candidate who had originally been ranked fifth.

33.     In February 2024, RPD identified an additional vacancy; RPD again passed over Silver, promoting the candidate who had originally been ranked sixth.

34.     At the time of their promotions, at least three of the lower ranked candidates had either failed to complete necessary training or were under internal investigation.

35.     RPD's policy of promoting candidates based on their rank order is demonstrated not only by the manner in which it filled the other vacancies – promoting candidates in rank order after passing over Silver – but also was expressed when in February 2024, Chief Kathryn Nance announced a new policy for future promotions.

36.     Nance stated that rankings would no longer be based on test results and would be based on a combination of test results and interviews.

37.     On February 1, 2024, before the official expiration of the eligibility list, Assistant Chief Oliver Miller told Silver the list was no longer valid.

Doyle Law Office

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

4

38.     On February 21, 2024, Nance further announced that the list on which Silver was the only remaining candidate, was "done," effectively removing Silver from the eligibility list.

39.     Under the codes governing eligibility lists, the list published March 2023 was valid through March 2024 and could be extended for two years after that.

40.     Nance not only terminated the March 2023 eligibility list early, but failed to extend it despite the fact that no candidates took the lieutenants exam in April 2024.

41.     In November 2023, when Silver was first passed over, he sought feedback on why he was being passed over and what he could do to ensure he was not passed over again.

42.     Silver was told that the RPD had concerns about his ability for risk management and liability mitigation performance. No such comments had ever been made to Silver in his performance evaluations.

43.     To improve his chances of promotion, Silver sought approval to attend a course on risk management; RPD denied his several requests to attend such training, even when he offered to pay for it himself.

44.     Silver was not provided with written documentation on why he was denied training as required by RPD procedures.

45.     In December 2023, after Silver was again passed over, he was again told that the RPD had concerns about his "risk management abilities" even though they acknowledged denying him the opportunity to receive training on that topic.

46.     In February 2024, the true reason Silver was being passed over was finally made clear. Silver was told that he was being passed over because of how he handled his complaints about the sexual harassment and the RPD and Elges's retaliation of rotating him out of the leadership position with the Robbery Homicide Unit.

47.     In or around March 2024, Silver also applied for other advancement opportunities that were denied.

48.     Sergeants with the RPD fill several supervisory roles; assignment to those roles results in higher pay and greater opportunity for advancement.

49.     One such assignment is that of Detective Supervisor.

Doyle Law Office

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

50. At least four times after March 2024, Silver applied for the position of Detective Supervisor within the RPD.

51. Now-captain Elges was responsible for determining who would fill that role.

52. Despite Silver's qualifications and years of experience, Elges refused to assign Silver to Detective Supervisor, instead assigning employees with fewer qualifications and less experience.

53. Elges denied Silver those opportunities because Silver had complained about sexual harassment, complained about Elges's retaliation in removing Silver from the Robbery Homicide Unit, and criticized Elges's management decision in removing Silver from that role.

## FIRST CAUSE OF ACTION

### Employment Discrimination – Retaliation

54. Silver incorporates and restates each of the above paragraphs as if fully set forth herein.

55. Silver engaged in protected activity by making a complaint of sexual harassment to his supervisor, Elges, in February 2022.

56. Silver further engaged in protected activity by complaining about the retaliatory action of Elges rotating him out of his leadership role in the Robbery Homicide Unit at least six months before his term expired.

57. RPD took adverse employment action against Silver by failing to promote him to the rank of lieutenant at least four times between November 2023 and March 2024.

58. RPD took adverse employment action against Silver by denying him the benefit of being approved to attend training.

59. RPD and Nance took adverse employment action against Silver by terminating the March 2023 eligibility list before its expiration date and possible extension dates.

60. RPD and Elges took adverse employment action against Silver by refusing to assign him to supervisory roles as a sergeant with the RPD.

61. Silver has been informed that RPD passed him over for promotion despite his ranking on the eligibility list because of "the way in which he handled" the sexual harassment and retaliation complaints.

Doyle Law Office

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

6

62.    As a direct and proximate result of RPD's retaliation, Silver has suffered lost wages and benefits and lost employment opportunities (promotions).

63.    RPD's actions have caused, continue to cause, and will cause Silver to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

64.    Silver seeks equitable and monetary relief for the Defendants' unlawful actions, including back pay, front pay, reinstatement, retroactive promotion, compensation for emotional pain and suffering, reimbursement of costs, attorneys' fees, and all other relief to which he is entitled by law.

## SECOND CAUSE OF ACTION

### First Amendment – Retaliation

65.    Silver incorporates and restates each of the above paragraphs as if fully set forth herein.

66.    Both the United States and Nevada Constitutions guarantee an individual's right to speak without interference or retaliation by a government entity.

67.    Between June 2022 and November 2023, Silver criticized the RPD's management decision to remove him from his leadership role with the Robbery Homicide Unit while still having to pay him for six of the months he should have been performing that role.

68.    Silver's criticism of the RPD was that of a private citizen commenting to others interested in RPD's management decisions.

69.    The RPD took adverse action against Silver on at least four occasions by refusing to promote him to the rank of lieutenant.

70.    RPD and Nance took adverse action against Silver by terminating the March 2023 eligibility list before its expiration date and possible extension dates.

71.    RPD and Elges took adverse action against Silver by refusing to assign him to the role of Detective Supervisor.

*Doyle Law Office*

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

7

72.     Silver has been informed that RPD passed him over for promotion despite his ranking on the eligibility list because of "the way in which he handled" the sexual harassment and retaliation complaints.

73.     The way in which Silver handled those complaints included criticizing RPD and Elges's management decision in that it was paying him not to do a job.

74.     The refusal to promote Silver was an official policy decision by the municipality acting as the RPD such that the municipality was acting under color of law and should be held liable for the violation of Silver's constitutional rights.

75.     Elges's refusal to assign Silver to the role of Detective Supervisor was an action within his official duties as a Captain with the RPD; he was therefore acting under color of law.

76.     RPD and Elges's actions have caused, continue to cause, and will cause Silver to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

77.     Silver seeks equitable and monetary relief for the Defendants' unlawful actions, including back pay, front pay, reinstatement, retroactive promotion, compensation for emotional pain and suffering, reimbursement of costs, attorneys' fees, and all other relief to which he is entitled by law.

**THIRD CAUSE OF ACTION**

**Due Process – Failure to Promote**

78.     Silver incorporates and restates each of the above paragraphs as if fully set forth herein.

79.     The United States and Nevada Constitutions prohibit a government entity from depriving a person of property without due process.

80.     Until Nance announced a change of policy in 2024, RPD had a long-standing policy of promoting candidates to fill vacancies based on their civil service ranking after completing the relevant examination.

81.     RPD's policy restricted its discretion to choose who to promote by instead offering promotions based on the eligibility list rankings.

Doyle Law Office

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

82.    This policy is demonstrated by RPD's historical practices and by its actions in this case, in which all of the candidates except for Silver were promoted in order of their ranking on the eligibility list.

83.    This policy created an expectation for Silver that if there was more than one vacancy for a lieutenant position between March 2023 and March 2024, he would receive a promotion to that position because he was originally ranked second on the eligibility list.

84.    In that time frame, there were at least five vacancies for lieutenant positions.

85.    RPD deprived Silver of his property right to promotion without any opportunity for post-deprivation process.

86.    The refusal to promote Silver was an official policy decision by the municipality acting as the RPD such that the municipality was acting under color of law and should be held liable for the violation of Silver's constitutional rights.

87.    RPD's actions have caused, continue to cause, and will cause Silver to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

88.    Silver seeks equitable and monetary relief for the Defendants' unlawful actions, including back pay, front pay, reinstatement, retroactive promotion, compensation for emotional pain and suffering, reimbursement of costs, attorneys' fees, and all other relief to which he is entitled by law.

**FOURTH CAUSE OF ACTION**

**Due Process – Termination of Eligibility List Before Expiration**

89.    Silver incorporates and restates each of the above paragraphs as if fully set forth herein.

90.    The United States and Nevada Constitutions prohibit a government entity from depriving a person of property without due process.

91.    After the February 2024 promotion of the candidate originally ranked sixth, Silver was the only candidate on the eligibility list for promotion to lieutenant.

Doyle Law Office

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

9

92.    That eligibility list was valid through March 2024 and could be extended for another two years.

93.    If a vacancy for a lieutenant position occurred while Silver was the only candidate on the eligibility list, RPD would have been required to offer him the promotion.

94.    In February 2024, Nance announced that the March 2023 list was done.

95.    By terminating the list before the expiration date, Nance and the RPD deprived Silver of a vested property interest in promotion as they would have had no discretion to deny him a promotion.

96.    RPD deprived Silver of his property right to promotion without any opportunity for post-deprivation process.

97.    By terminating the list and refusing to extend it despite having no other candidates, RPD and Nance were requiring Silver to retake the lieutenants exam and submit to promotion evaluation under the new policy.

98.    The termination of the March 2023 eligibility list and refusal to renew it despite not having any other candidates was an official policy decision by the municipality acting as the RPD such that the municipality was acting under color of law and should be held liable for the violation of Silver's constitutional rights.

99.    RPD's actions have caused, continue to cause, and will cause Silver to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

100.    Silver seeks equitable and monetary relief for the Defendants' unlawful actions, including back pay, front pay, reinstatement, retroactive promotion, compensation for emotional pain and suffering, reimbursement of costs, attorneys' fees, and all other relief to which he is entitled by law.

/ / /

/ / /

/ / /

/ / /

Doyle Law Office

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com

10

WHEREFORE, Silver prays for judgment against the City of Reno, Nance, and Elges as follows:

(a)        For declaratory relief;

(b)        For injunctive relief;

(c)        For compensatory damages in an amount to be determined at trial;

(d)        For attorneys' fees and costs incurred herein;

(e)        For leave to amend this complaint should the same become necessary;

(f)        For such other and further relief as this Court may deem appropriate.

**DATED** this <u>17th</u> day of July, 2024.

DOYLE LAW OFFICE, PLLC


By:____/s/ Kerry S. Doyle_____
   KERRY S. DOYLE, ESQ.
   NEVADA BAR NO. 10866
   8755 TECHNOLOGY WAY, SUITE I
   RENO, NEVADA 89521
   (775) 525-0889
   ATTORNEYS FOR PLAINTIFF

*Doyle Law Office*

Kerry S. Doyle, Esq.
8755 Technology Way
Suite I
Reno, Nevada 89521
(775) 525-0889

kerry@rdoylelaw.com