KARL S. HALL
Reno City Attorney
HOLLY S. PARKER
Deputy City Attorney
Nevada State Bar No. 10181
parkerh@reno.gov
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Nevada State Bar No. 6389
herbolsheimera@reno.gov
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for Defendants City of Reno ex rel
Reno Police Department, Kathryn Nance,
and Anthony Elges*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN SILVER, an individual,<br><br>     Plaintiff,<br><br>  vs.<br><br>CITY OF RENO ex rel RENO POLICE DEPARTMENT; KATHRYN NANCE, an individual and in her official capacity; ANTHONY ELGES, an individual and in his official capacity; and DOES I-X,<br><br>     Defendants. | CASE NO.: 3:24-cv-00315-MMD-CSD<br><br><br>**DEFENDANTS CITY OF RENO, RENO POLICE DEPARTMENT,  KATHRYN NANCE, AND ANTHONY ELGES' OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND EXTEND TIME** |

Defendants City of Reno ("City"), Reno Police Department ("RPD"), Kathryn Nance ("Chief Nance"), and Anthony Elges ("Elges") (collectively, "City Defendants"),  by and through their attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorneys Holly S. Parker and Alice K. Herbolsheimer, hereby oppose Plaintiff's Motion to Reopen Discovery and Extend Time (ECF No. 37).

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### ARGUMENT

From the outset, City Defendants note that this is a difficult opposition to file. City Defendants acknowledge that Plaintiff's counsel has experienced a terrible tragedy with the loss of a spouse and business partner. City Defendants, of course, are sympathetic to those awful circumstances. They just cannot agree to reopen and extend discovery (for a fourth time) over a month after discovery has closed and they already filed a Motion for Summary Judgment (ECF No. 36) in reliance on the close of discovery.

Federal Rule of Civil Procedure 6(b)(1) allows courts to grant requests to extend made after the expiration of a deadline when a party has shown the party failed to act based on "excusable neglect." LR 26-3 further states, "A request [for extension] made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." Factors a court can consider in evaluating whether a party has demonstrated excusable neglect include: "(1) 'prejudice to the [opposing party]'; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control of the movant'; and (4) 'whether the movant acted in good faith.'" *Dittmar v. City of N. Las Vegas*, No. 2:17-CV-02916-JAD-BNW, 2024 WL 1554238, at *1 (D. Nev. Apr. 10, 2024) (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). This equitable determination is within the discretion of the court. *Id.* (citing *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004)).

Here, any further delay would unfairly prejudice City Defendants now that they have filed a Motion for Summary Judgment in reliance on the close of discovery (ECF No. 36). The parties stipulated to three prior extensions of the discovery and motion deadlines, two of which were related to Plaintiff's counsel's personal circumstances. The Court approved the First Stipulation to Extend Discovery on February 10, 2025 (ECF No. 25). The Court approved the Second Stipulation to Extend Discovery on July 8, 2025 (ECF No. 32). On October 15, 2026,

Reno City
Attorney
P.O. Box 1900
Reno, NV 89505

the Court approved the Third Stipulation to Extend Discovery, which set the close of discovery for February 3, 2026, and the deadline to file dispositive motions for March 5, 2026 (ECF No. 35).

When the Third Stipulation to Extend Discovery was approved (ECF No. 35), City Defendants had already completed the discovery they felt was necessary for the defense of the case, including depositions, written discovery, and expert disclosures. (ECF No. 32 at 2:13-17.) At that time, Plaintiff anticipated conducting an additional four depositions and potentially re-deposing Chief Nance and Elges based on some follow-up discovery dispute issues. (ECF No. 32 at 2:7-12.) The initial close of discovery deadline was May 9, 2024. (ECF No. 19 at 7:10-11.) Even when City Defendants had completed their discovery, therefore, they granted every courtesy possible by stipulating to extend discovery nearly nine months beyond the initial close of discovery deadline of May 9, 2024.

Plaintiff's spouse tragically passed away on November 4, 2025, a few weeks after the Court approved the third extension on October 15, 2025. (ECF No. 35; ECF No. 37-1, Decl. of K. Doyle ¶ 11.) Plaintiff, therefore, had three weeks after entry of the Order granting the Third Stipulation to Extend Discovery (ECF No. 35) to calendar the updated deadlines before this tragedy occurred, a task that was within Plaintiff's control. Discovery closed three months after this tragedy, and City Defendants filed their Motion for Summary Judgment (ECF No. 36) four months after this tragic loss. Plaintiff, therefore, had several months after this tragedy to realize that these deadlines had not been calendared. Had Plaintiff requested an additional stipulation to extend the deadlines *before* they passed, City Defendants likely would have agreed. City Defendants, however, patiently waited for discovery to close, and then, in reliance on the passage of that deadline, filed their Motion for Summary Judgment (ECF No. 36), a filing that took weeks of effort and drafting.[1]

Now, over a month after discovery closed, Plaintiff seeks to reopen discovery, potentially re-depose Chief Nance and Elges, who have both already been deposed, and conduct additional

---

[1] Although Defendants cannot stipulate to reopen discovery, they are willing to stipulate to an extension of the deadline for Plaintiff's opposition to their Motion for Summary Judgment (ECF No. 36).

Reno City
Attorney
P.O. Box 1900
Reno, NV 89505

depositions and time-consuming discovery.  Of course the proceedings will be impacted by any further delay and Defendants will be prejudiced if they are forced to reopen discovery now that they have filed a Motion for Summary Judgment (ECF No. 36).  This case was filed July 17, 2024, nearly two years ago.  It may take many months for the Court to decide Defendants' Motion for Summary Judgment (ECF No. 36).  If claims remain for trial, a trial may not be set until sometime in 2027.  Trial will only be further delayed if the Court grants Plaintiff's request to reopen discovery.

The case has already been delayed with three prior extensions.  Again, City Defendants are sympathetic to Plaintiff's counsel's personal circumstances and very sorry for the loss.  City Defendants, however, would be prejudiced by any further delay.  City Defendants, therefore, respectfully request that the Court deny Plaintiff's request to reopen discovery and extend the discovery and motion deadlines.

## II.

## CONCLUSION

Based on the foregoing, City Defendants respectfully request that Plaintiff's Motion to Reopen Discovery and Extend Time be denied.

DATED this 19th day of March, 2026.

KARL S. HALL
Reno City Attorney

By:   _/s/  Holly S. Parker_
HOLLY S. PARKER
Deputy City Attorney
ALICE K. HERBOLSHEIMER
Deputy City Attorney
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for Defendant City of Reno*

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

## CERTIFICATE OF SERVICE

Pursuant to LR IC 5-1, I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving *DEFENDANTS CITY OF RENO, RENO POLICE DEPARTMENT, KATHRYN NANCE, AND ANTHONY ELGES' OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND EXTEND TIME* on the party(s) set forth below by:

  X       CM/ECF electronic service, addressed as follows:

Kerry S. Doyle, Esq.
1 E. Liberty St., Ste. 600
PMB 673
Reno, NV 89501
*Attorney for Plaintiff*

DATED this 19th day of March, 2026.

By: */s/ Jeanette Sparks*
Jeanette Sparks
Legal Assistant

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**